# UNITED STATES v. ONE OLDSMOBILE CLUB SEDAN.

## No. 211.

District Court, S. D. Texas, Laredo Division.

April 9, 1946.

Brian S. Odem, U. S. Atty., and J. K. Smith, Asst. U. S. Atty., both of Houston, Tex., for libellant.

Horace C. Hall, of Laredo, Tex., for claimant.

HANNAY, District Judge.

At about 2:30 p. m. on December 9, 1944, a 1942 model Oldsmobile Club Sedan, motor No. LA462328, bearing California license plate No. 3N5707, being driven by Felipe Enriquez, a citizen and resident of the Republic of Mexico, arrived at the Customs Inspection Station at the International Bridge at Laredo, Texas, en route to Nuevo Laredo, Tamaulipas, Mexico. When requested to do so, the driver of said car was unable to or did not produce a certificate of title to the car. He stated that the car belonged to a man named Aguilar, who was then temporarily residing at the Plaza Hotel in Laredo, Texas; that the car had been loaned to him (Enriquez) to take some groceries to Nuevo Laredo, Tamaulipas, Mexico. Enriquez had a very small amount of groceries with him in the car. The facts further show that Enriquez was then and is now an employee of the Mexi-

can Customs Service. He stated, upon the car being detained, that he had known the claimant Aguilar for approximately six years but that he had not seen said claimant for some year and seven months prior to borrowing his car. He then stated that his purpose in borrowing the car was to report for duty on the Mexican side of the International Bridge. Claimant, Aguilar, said that he had loaned the car to Enriquez, not in front of Kress' store, as testified to by Enriquez, but in front of the Plaza Hotel, in Laredo, Texas; that he had loaned it to him about 1:00 p. m. on that day, which was about an hour and a half later than the car was detained. Aguilar stated that the automobile in question was not his property, but that same belonged to Michael John Heller, a resident of Altadena, California. Later a search of the car disclosed a certificate of ownership, signed by the said Heller, in blank.

There was no authorization for the exportation or taking out of this country of the automobile in question.

From all the facts in the case, it is my opinion that this is a very clear but very clumsy attempt to export the car in question without proper authorization, and that the detention was with probable cause. It therefore follows that forfeiture of said automobile to the United States should be and is hereby decreed.

Let proper judgment be drawn. The Clerk will notify counsel.